IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER COPELIN | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. WMN-00-2787 |
| BALTIMORE INTERNATIONAL COLLEGE FOUNDATION, INC. | : |
| Defendant. | : |

## O R D E R

On January 16, 2002 judgment was entered in favor of Defendant. On January 24, 2002 counsel for Defendant filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, requesting costs in the amount of $3,684.55. Plaintiff has not filed an opposition. The undersigned shall tax the unopposed recoverable expenses set out herein.

FEES FOR EXEMPLIFICATION OF PAPERS

Defendant requests $525.20 in costs associated with copies of documents produced in discovery, pleadings, motions, and other papers. Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 164 (Maryland 1968). In *David Stratton v. Equitable Bank* (Civil Action No. HAR-88-1485, D.Md.), however, the Court found that "[p]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." Citing *Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See Purity Products In. v. Tropicana Products, Inc.*, (Civil Action No. H-86-2319, D.Md). Costs

associated with copying discovery material do not fall into this category. To the extent Defendant's request for copy expenses includes allowable items, the undersigned cannot determine from Defendant's general account statement those photocopying requests which are properly taxable. Accordingly, this cost request shall be disallowed.

FEES OF COURT REPORTERS FOR DEPOSITIONS

The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "[w]e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial." *Advance Business Systems & Supply Co.*, 287 F. Supp. at 165. While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses.

Defendant seeks costs of $2,802.75 associated with the depositions of Plaintiff, Jerry Littlefield, Allison Stine, Charles Petr, Alberta Rush, Cynthia Wood, Tammie Johnson, Stephanie Tolson, Vanessa Johnson, Sheree Wilhoit, and Stephanie Engdahl. However, given the aforementioned restrictions of the Clerk's discretion, the undersigned shall only allow the taxation of the deposition costs associated with Plaintiff, Allison Stine, Jerry Littlefield, Charles Petr, and Stephanie Engdahl. Consequently, the undersigned shall tax costs associated with these individuals'

depositions in the amount of $1,109.50.[1] While the Clerk finds that the depositions of the other individuals for whom Defendant requests costs are not allowable within her traditional authority, they may be taxable within the broader authority exercised by the Court. Consequently, counsel is free to petition the Court for a supplement to this award of costs.

WITNESS FEES

Defendant requests reimbursement of $179.60 for witness fees and disbursements for appearance at depositions by Vanessa Johnson, Tammie Johnson, Stephanie Tolson, and Sheree Wilhoit. Witnesses may recover the allowable statutory $40.00 per day witness fee when their deposition has been taxed as a cost in the case and they are also entitled to receive a mileage payment to attend the deposition. *See Advance Business Systems & Supply Co.*, 287 F. Supp. at 164. The depositions of the individuals noted above were not found to be taxable within the Clerk's authority. Consequently, this cost request shall not be awarded.

SUBPOENA FEES

Defendant requests reimbursement of $177.00 for fees incurred for serving subpoenas on Stephanie Tolson, Vanessa Johnson, Tammie Johnson, and Sheree Wilhoit for deposition purposes. The Clerk will tax service fees for deposition subpoenas as to depositions taxed as costs. Because these individuals' depositions were not taxed as costs, this expense shall not be allowed.

AWARD

Accordingly, costs are entered in favor of Defendant and against Plaintiff in the amount of $1,109.50. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

---

[1] Costs associated with the reading, signing, postage, and Federal Express mailing of depositions or with copies of exhibits or with duplicate versions of the transcript, whether they are a condensed or diskette version, are not allowed. Additionally, the maximum page rate allowed for a copy of a deposition is $1.25 per page. The maximum page rate allowed for an original deposition is $3.50. If the rate applied is less than the maximum amount allowed by the Clerk, that rate is used.

Dated this １ˢᵈ day of March, 2002.

/s/ Felicia C. Cannon
Felicia C. Cannon
Clerk
United States District Court
    District of Maryland